IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SAHRA CARTER, Individually, and as Mother and Natural Guardian of MATDISON G. CARTER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Civil Action No: 3:08-cv-00965<br>JUDGE NIXON<br>MAGISTRATE JUDGE GRIFFIN |

### ORDER APPROVING SETTLEMENT ON BEHALF OF ESTATE AND MINORS AND PROTECTED PERSONS

On this 22nd day of September 2010, the above-captioned action came for hearing and approval by the Court as to the reasonableness of a settlement between the United States of America and Matdison Carter, a minor and protected person, Sahra Carter, Individually and as Mother and Natural Guardian of Matdison Carter. Plaintiffs appeared individually and through counsel of record. Defendant United States of America appeared through its counsel.

The complete and precise terms and conditions of the settlement are set forth in the Stipulation For Compromise Settlement and Release of Federal Tort Claims Act Claims pursuant to 28 U.S.C. § 2677 (hereinafter "Stipulation For Compromise"), attached as Exhibit "A." The Court has reviewed the Stipulation For Compromise, taken testimony, and heard arguments in favor of this settlement. The Court is fully informed of the specifics of the full and final terms and conditions of the settlement. The Court finds that this settlement is fair, reasonable, and in the best interest of Matdison Carter, a minor and protected person. The Court additionally understands that this settlement is contingent upon the satisfaction of the terms set forth in Exhibits A, including the necessity of the approval by the Attorney General of the United States, a State court Order

approving the settlement on behalf of Matdison Carter, a minor and protected person, and a release and waiver in favor of the United States by any State, any public entity, or any private entity or individual with respect to any and all claims any such State, other public entity, or private entity or individual may have now or in the future against the United States (and its agents, servants and employees) arising out of the subject matter of this action. The Court is informed that all the these conditions have been met.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the settlement, as set forth in Exhibit A, is hereby approved. It is further Ordered that Sahra Carter, as natural parent, next friend and guardian of Matdison Carter, a minor and protected person, is authorized and required to sign the Stipulation For Compromise, along with any other documents that are necessary to consummate this settlement, on behalf of Matdison Carter, a minor and protected person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the "settlement amount" of $6,00,000.00 shall be distributed according to the terms and conditions of the Stipulation For Compromise. It is further Ordered that attorneys' fees in this action shall not be more than twenty-five percent (25%) of the settlement amount and shall be paid as provided in the Stipulation For Compromise. Plaintiffs' attorneys shall pay or resolve any lien or claim for reimbursement or payment for which Plaintiff's are legally responsible. The Court further Orders that Plaintiffs' attorneys shall not distribute to Plaintiffs any of the amount payable to them directly pursuant to the Stipulation For Compromise unless and until such liens or claims for payment or reimbursement have been satisfied or resolved.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiffs, upon final execution of the Stipulation For Compromise and after the payment of the settlement amount by the United States, shall cause to be filed with the Court a dismissal of these actions with prejudice, with each party bearing its own costs, expenses and fees.

Dated this 22nd day of September 2010.

_____
JUDGE NIXON
UNITED STATES DISTRICT JUDGE


APPROVED AS TO FORM AND CONTENT:

_____
S. DELK KENNEDY, B.P.R. No. 009799
Assistant United States Attorney
110 Ninth Avenue South, Suite A-961
Nashville, Tennessee 37203
Phone: (615) 736-5151
*Attorney for the Defendant*

_____
Peter M. Olson, B.P.R. No. 14977
Olson & Wallace, PC
114 Franklin Street
Clarksville, TN 37040
*Attorney for the Plaintiffs*

3

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| SAHRA CARTER, Individually, and as Mother and Natural Guardian of MATDISON G. CARTER, ) ) ) ) | |
| Plaintiff, ) ) ) | Civil Action No: 3:08-cv-00965<br>JUDGE NIXON<br>MAGISTRATE JUDGE GRIFFIN |
| v. ) | |
| UNITED STATES OF AMERICA, ) ) | |
| Defendant. ) | |

### STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

It is hereby stipulated by and between the undersigned plaintiffs (meaning any person, other than the defendant and the structured settlement broker, signing this agreement, whether or not a party to this civil action), and the United States of America, by and through their respective attorneys, as follows:

1. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Settlement Agreement.

2. This Stipulation For Compromise Settlement And Release is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to the plaintiffs. This settlement is entered into by all parties for the purpose of compromising

disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

3. The United States agrees to pay the sum of Six Million and No/100 Dollars ($6,000,000.00) (hereinafter "settlement amount") as provided below in paragraph 3.a and to purchase the annuity contract described below in paragraph 3.b.

a. As soon as it is practicable after the execution of this Stipulation For Compromise Settlement And Release, the United States will pay the settlement amount by wire transfer to EPS Settlements Group Settlement Trust Account (at UMB Banks, P.O. Box 22314, Denver, Colorado 80222, ABA#107001067, Account No. 6971176575, out of which the following disbursements will be made by EPS Settlements Group from said trust account:

i. To plaintiffs, Matdison Carter and Sahra Louisa Sutton, the cash sum of Four Million and No/100 Dollars ($4,000,000.00); (hereinafter "Upfront Cash"), to be sent to the United States Attorney for the Middle District of Tennessee to hold until plaintiff's counsel has filed a motion with the District Court to dismiss this action in its entirety with prejudice, with each party to bear its own costs, expenses and fees. In consideration for the payment of the Upfront Cash, the plaintiffs stipulate and agree that the United States will not sign any annuity application form or uniform qualified settlement form or any equivalent. Plaintiffs further stipulate and agree that they, their attorneys, Guardian Ad Litem, and/or their representatives (including any structured settlement annuity broker, regardless of whether said broker was retained by them or by someone else, either before, during or after the settlement) will not attempt to structure the Upfront Cash into any qualified settlement fund or its equivalent. However, nothing in this Paragraph 3.a.i. precludes the plaintiffs from purchasing standard, non-

*Carter Stipulation For Compromise Settlement And Release*

Page 2

structured settlement annuities after the plaintiffs have cashed their Upfront Cash settlement proceeds, but they agree that they will not represent to any person, entity, or agency that they are purchasing structured settlement annuities and they agree they will not attempt to purchase such structured settlement annuities. Plaintiffs further agree that they will endorse the Upfront Cash check to be deposited in the attorney's client trust account to facilitate the disbursement of any amounts authorized by the approving court.

    ii. To a life insurance company rated at least A by A.M. Best rating service, the sum of Two Million and No/100 Dollars ($2,000,000) to purchase the installment refund annuity contract described in paragraph 3.b below.

The parties agree that any attorney's fees owed by the plaintiffs shall not exceed 25% of the settlement amount (28 U.S.C. § 2678) and must be paid out of the settlement amount and not in addition thereto.

  b. The United States will purchase the following installment refund annuity contract to make periodic payments to Matdison Carter:

> $10,800.00 monthly for the life of Matdison Carter, beginning 1 month from purchase date, with installment refund, increasing at 3.00% compounding annually.

In the event that the annuity purchase price has changed by the date of purchase, the annuity payments set forth above will be adjusted either upward or downward so that the purchase price of the annuity contract shall be neither more nor less than Two Million and No/100 Dollars ($2,000,000). The lifetime annuity payments set forth above have been determined based upon information supplied to the United States as to the birth date of Matdison

*Carter Stipulation For Compromise*
*Settlement And Release*

Page 3

Case 3:08-cv-00965   Document 51   Filed 09/22/10   Page 6 of 13 PageID #: 397

Carter. Should the actual birth date of Matdison Carter differ from that noted above, then the amount of the lifetime annuity payments shall be adjusted so the benefits of the contract are what the premiums paid for the lifetime annuity payments would have purchased on the date of the annuity's purchase.

The annuity contract set forth in this paragraph 3.b will be owned solely and exclusively by the United States and will be purchased as soon as practicable following the execution of this Stipulation For Compromise Settlement And Release. The parties stipulate and agree that the United States' only obligation with respect to said annuity contract and any annuity payments therefrom is to purchase the annuity contract, and they further agree that the United States does not guarantee or insure any of the annuity payments. The parties further stipulate and agree that the United States is released from any and all obligations with respect to the annuity contract and annuity payments upon the purchase of the annuity contract.

The parties stipulate and agree that the annuity company that issues the annuity contract set forth in this paragraph 3.b herein shall at all times have the sole obligation for making all annuity payments. The obligation of the annuity company to make each annuity payment shall be discharged upon the mailing of a valid check in the amount of such payment to the address designated by the party to whom the payment is required to be made under this Stipulation For Compromise Settlement And Release. Checks lost or delayed through no fault of the annuity company shall be promptly replaced by the annuity company, but the annuity company is not liable for interest during the interim.

The parties stipulate and agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties, that no part of any annuity payments called for

Case 3:08-cv-00965   Document 51   Filed 09/22/10   Page 7 of 13 PageID #: 398

herein or any assets of the United States or the annuity company are subject to execution or any legal process for any obligation in any manner, and that the plaintiffs shall not have the power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

Plaintiffs and their guardians, heirs, executors, administrators or assigns do hereby agree to maintain with the annuity company and the United States a current mailing address, and to notify the annuity company and the United States of the death of Matdison Carter within ten (10) days of death and provide to the United States and the annuity company a certified or notarized copy of the death certificate within sixty (60) days of the death.

In the event of the death of Matdison Carter during the installment refund period of the annuity contract set forth in this paragraph 3.b, all remaining installment refund payments shall be made payable to the United States Treasury and sent to the Torts Branch, Civil Division, United States Department of Justice, P.O. Box 888, Benjamin Franklin Station, Washington, D.C. 20044, or, upon written notice, any subsequent change of address.

4. Plaintiffs and their guardians, heirs, executors, administrators, or assigns do hereby accept the settlement amount set forth above in paragraph 3.a and the purchase of the annuity contract set forth above in paragraph 3.b in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including any future claims for wrongful death and any claims for fees, costs and expenses, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, death, or damage to property, and the consequences thereof, which the plaintiffs or their heirs, executors, administrators, or assigns may have or hereafter acquire against the United

*Carter Stipulation For Compromise Settlement And Release*

Page 5

Case 3:08-cv-00965   Document 51   Filed 09/22/10   Page 8 of 13 PageID #: 399

States, its agents, servants and employees on account of the same subject matter that gave rise to the above-captioned action. Plaintiffs and their guardians, heirs, executors, administrators, and assigns do hereby further agree to reimburse, indemnify and hold harmless the United States and its agents, servants, and employees from and against any and all such claims, causes of action, liens, rights, or subrogated or contribution interests incident to or resulting or arising from the acts or omissions that gave rise to the above-captioned action, including claims or causes of action for wrongful death.

5. This compromise settlement is specifically subject to each of the following conditions:

a. An agreement by the parties on the terms, conditions, and requirements of this Stipulation For Compromise Settlement And Release and the annuity contract. The parties stipulate and agree that the Stipulation For Compromise Settlement And Release and the compromise settlement are null and void in the event the parties cannot agree on the terms, conditions and requirements of this Stipulation For Compromise Settlement And Release or the annuity contract. The terms, conditions and requirements of this Stipulation For Compromise Settlement And Release are not severable and the failure to agree, fulfill or comply with any term, condition, or requirement renders the entire Stipulation For Compromise Settlement And Release and the compromise settlement null and void. The authorization by the Attorney General or the Attorney General's designee to negotiate and consummate a settlement for the amount agreed upon by the parties does not make the settlement binding upon the United States unless and until the other terms, conditions and requirements of this Stipulation For Compromise Settlement And Release have been completely agreed upon in writing.

b. Matdison Carter must be alive at the time of the purchase of the annuity contract described in paragraph 3.b. above . In the event of the death of Matdison Carter prior to the purchase of said annuity contract, the entire Stipulation For Compromise Settlement And Release and the compromise settlement are null and void.

c. The plaintiffs must obtain, at their expense, Court approval of the settlement on behalf of Matdison Carter, on behalf of any siblings of Matdison Carter, and on behalf of any other legally incompetent adult being required to sign this Stipulation waiving and releasing any claims. Such court approval must be obtained prior to the United States paying the settlement amount set forth above in paragraph 3.a. Plaintiffs agree to obtain such approval in a timely manner: time being of the essence. Plaintiffs further agree that the United States may void this settlement at its option in the event such approval is not obtained in a timely manner. In the event plaintiffs fail to obtain such Court approval, the entire Stipulation For Compromise Settlement And Release and the compromise settlement are null and void.

6. Subject to the terms and conditions set forth in paragraph 3.a., above, plaintiffs' attorney agrees to distribute the Upfront Cash paid pursuant to paragraph 3.a.i, above, to the plaintiffs after paying or resolving any lien or claim for reimbursement or payment for which plaintiffs are legally responsible pursuant to this settlement and under the terms of this stipulation.

7. The parties agree that this Stipulation for Compromise Settlement and Release, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

*Carter Stipulation For Compromise Settlement And Release*

Page 7

Case 3:08-cv-00965   Document 51   Filed 09/22/10   Page 10 of 13 PageID #: 401

8. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

Executed this 22 day of September, 2010.

_____
Delk Kennedy
Attorney for Defendant, United States of America

Executed this 13 day of July, 2010.

_____
Peter M. Olson, Esquire
Attorneys for Plaintiff

Executed this 13 day of July, 2010.
Matdison Carter, a Minor

By: _____
Sahra Louisa Sutton, Natural Mother

Executed this 13 day of July, 2010.
Matdison Carter, a Minor

By: _____
Justin Warren Carter, Natural Father

Executed this 13 day of July, 2010.
Matdison Carter, a Minor

By: _____
[step-father in the event of adoption prior to settlement being paid]

Executed this 14 day of July, 2010.
Matdison Carter, a Minor

*Carter Stipulation For Compromise Settlement And Release*

Page 8

By: *signature* 
[guardian ad litem's name]
Sharon T. Massey

Executed this 13 day of July, 2010.

*signature*
Justin Warren Carter, Individually

Executed this 13 day of July, 2010.

*signature*
Sahra Louisa Carter, Individually

Executed this 13 day of July, 2010.

*signature*
[step-father in the event of adoption prior to settlement being paid]

Executed this 14th day of July, 2010.

*signature*
[each sibling and court-appointed guardian ad litem's name]
Sharon T. Massey

*Carter Stipulation For Compromise Settlement And Release*

Page 9

Executed this 3rd day of Sept., 2010.

_____
Lawrence H. Curtis
EPS Settlements

*Carter Stipulation For Compromise*
*Settlement And Release*